# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1202

**WILLIAM AKINS**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, William Akins, by and through his counsel, Jason Walker of Bachus & Schanker, LLC, for his Complaint for Damages Under the Federal Tort Claims Act against Defendant United States of America, hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with the United States Postal Service's operation of a motor vehicle.

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment.

3. Plaintiff William Akins has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4. This suit has been timely filed, in that Plaintiff William Akins timely served notice of his claim on both the Office of the Staff Judge Advocate and the United States of America less than two years after the collision forming the basis of this suit.

5. Plaintiff William Akins is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a) after receiving no final denial of administrative claim after six months of presenting the claim.

## JURISDICTION AND VENUE

6. Plaintiff William Akins incorporates all previous allegations above as though fully set forth herein.

7. Plaintiff William Akins, at all times relevant hereto, was a resident of Colorado county of Adams at the time of the collision and he currently resides in Tennessee.

8. Defendant United States of America, through its agency, the United States Postal Service, caused an auto collision on or about August 28, 2018, whereby its agent or employee was acting within the scope of his office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff William Akins in accordance with the laws of the State of Colorado, See 28 U.S.C. § 1346(b); and 28 U.S.C. § 2674.

9. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

10. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1402(b), in that all, or a substantial part of the occurrence and injuries giving rise to this action occurred in the District of Colorado.

## ALLEGATIONS

11. Plaintiff William Akins incorporates all previous allegations above as though fully set forth herein.

12. On August 28, 2018, Plaintiff sustained injuries when he was involved in a motor vehicle collision at or about the in a parking lot at 150 S. Union Boulevard in Jefferson County, Colorado (hereinafter "Collision").

13. At or about the aforementioned date and time, Plaintiff was stopped in his parking spot when a United States Postal Service vehicle began to back up and without warning hit the rear of his vehicle.

14. At or about the aforementioned date and time, Defendant United States of America, through its agency the United States Postal Service and employee, was the operator of a United States Vehicle.

15. At or about the aforementioned date and time, Plaintiff was properly stopped in a parking space.

16. At or about the aforementioned date and time, Defendant United States of America, through its agency the United States Postal Service and employee, was travelling behind plaintiff.

17. At or about the aforementioned date and time, Defendant United States of America, through its agency the United States Postal Service and employee, had a duty to maintain a proper lookout and distance while travelling in traffic and parking lots.

18. Defendant United States of America, through its agency the United States Postal Service and employee, failed to keep a proper lookout thereby continuing to drive into the rear of Plaintiff William Akins' vehicle.

19. Plaintiff William Akins could not move or avoid collision.

20. At or about the aforementioned date and time, Defendant United States of America, through its agency the United States Postal Service and employee, failed to operate the above referenced vehicle in a reasonably prudent manner, failed to keep a proper lookout, and failed to stop for traffic, thereby causing a collision with Plaintiff.

21. When Defendant United States of America, through its agency the United States Postal Service and employee, struck Plaintiff, it was operating the vehicle in a negligent, careless, and imprudent manner, failing to take the safety of others into account.

22. Defendant United States of America, through its agency the United States Postal Service and employee's negligent and careless actions, were a direct and proximate cause of Plaintiff's injuries, damages, and losses sustained on or about the aforementioned time, date, and place.

23. Plaintiff was not comparatively negligent in causing the above-described collision that occurred on or about August 28, 2018.

24. As a direct and proximate result of the incident giving rise to this suit, Plaintiff has suffered injuries, damages and losses.

25. As a direct and proximate result of Defendant United States of America, through its agency the United States Postal Service and employee's negligence, Plaintiff has incurred past and future economic expenses, damages, and losses, including, but not limited to, past and future medical expenses.

26. As a direct and proximate result of Defendant United States of America, through its agency the United States Postal Service and employee's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

27. As a direct and proximate result of Defendant United States of America, through its agency the United States Postal Service and employee's negligence, Plaintiff has suffered physical impairment.

## FIRST CLAIM FOR RELIEF
### (Negligence Against United States of America)

28. Plaintiff William Akins incorporates all previous allegations above as though fully set forth herein.

29. Defendant United States of America owed Plaintiff William Akins a duty to use reasonable care in the operation of the above referenced vehicle.

30. Defendant United States of America breached the above referenced duty, without limitation, in the following ways:

   a. Failing to keep a proper lookout;
   b. Failing to stop for traffic;
   c. Operating a vehicle in a careless manner;
   d. Operating a vehicle in a reckless manner; and
   e. Operating a vehicle in a negligent manner.

31. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff William Akins.

32. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has sustained past and future economic expenses, losses, and damages including, but not limited to, medical expenses, mileage, loss of time, and other economic damages related to injuries sustained in the collision as described above.

33. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has sustained past and future non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

34. As a result of Defendant United States of America's breaches of the aforementioned duties, Plaintiff has suffered physical impairment.

## SECOND CLAIM FOR RELIEF
### (Vicarious Liability, Respondeat Superior, and/or Agency)

35. Plaintiff William Akins incorporates all previous allegations above as though fully set forth herein.

36. At all times relevant to this matter, the driver of the subject vehicle was an employee and/or agent acting in the course and scope of his duties for Defendant United States of America.

37. At all times relevant to this matter, the driver of the subject vehicle was operating the postal van within the course and scope of his employment, as an agent, and/or with the authority of Defendant United States of America.

38. At all times relevant to this matter, the acts and/or omissions of the subject employee, including but not limited to the acts and/or omissions detailed in this Complaint, including claims of negligence, are by law deemed the acts and/or omissions of Defendant United States of America.

WHEREFORE, Plaintiff William Akins demands judgment against Defendant United States of America in the amount of $120,000.00, interest as permitted by law, and for such other and further relief as the Court may deem just and proper.

Dated this April 30, 2021.

Respectfully submitted,

*/s/ Jason L. Walker*
Jason L. Walker, 36225
BACHUS & SCHANKER, LLC
101 W. Colfax, Suite 650
Denver, CO 80202
Telephone: (303) 893-9800
Facsimile:  (303) 893-9900
jason.walker@coloradolaw.net
*Attorney for Plaintiff William Akins*